## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PHILLIP LEE, on behalf of himself** ) <br> **and all others similarly situated,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **PETROQUEST ENERGY, L.L.C. et al.** ) <br> ) <br> **Defendants.** ) | Case No. MC-22-1-G |

### ORDER

Now before the Court is Plaintiff Phillip Lee's Motion to Quash and for Protective Order (Doc. No. 1). Plaintiff seeks to quash a subpoena duces tecum issued by Defendants to Plaintiff's testifying expert Barbara Ley (the "Subpoena") on the basis that the documents requested are protected by the attorney-client privilege, the work product doctrine, and other potentially applicable protections. Plaintiff further seeks a protective order on the basis that the Subpoena seeks expert discovery materials beyond the scope of expert discovery permitted by Federal Rule of Civil Procedure 26. Defendants have not yet responded to the Motion.

Plaintiff's Motion seeks to quash a subpoena issued from the United States District Court for the Eastern District of Oklahoma pertaining to an action currently pending in that District, *Phillip Lee v. PetroQuest Energy, L.L.C.*, No. 6:16-cv-516-RAW (the "Underlying Action"). *See* Ex. 1 (Doc. No. 1-1). Although neither party has moved for transfer, the Court considers whether this Motion should be transferred to the issuing court pursuant to Federal Rule of Civil Procedure 45(f). Rule 45 provides that parties may seek

to quash a subpoena in the district court where compliance is required. The Subpoena here specifies a place of compliance in Oklahoma City, Oklahoma, which is within the Western District of Oklahoma. *See* Ex. 1 (Doc. No. 1-1). Rule 45(f), however, provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Notes to Rule 45(f) explain that "transfer to the court where the action is pending is sometimes warranted" and that "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45 Committee Notes to 2013 Amendment. The Advisory Committee Notes further specify that "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

The Court finds that transfer to the issuing court is warranted here in order to avoid disrupting the issuing court's management of the underlying litigation. Both sides of this discovery dispute are parties in the Underlying Action and the subject of the Subpoena is Plaintiff's testifying expert who agreed to assist Plaintiff in the Underlying Action. It is also apparent from the Subpoena and a review of the Underlying Action that this discovery dispute arises in the context of Plaintiff's motion for class certification, currently pending in the issuing court. *See* Ex. 1 (Doc. 1-1); *Phillip Lee v. PetroQuest Energy, L.L.C.*, No. 6:16-cv-516-RAW (Doc. No. 103-9).

The Court further finds that the interest of the issuing court in management of the underlying litigation outweighs any interest the nonparty recipient may have in obtaining

local resolution of the motion. As noted, the subject of the Subpoena is a person retained by Plaintiff as a testifying expert witness. By agreeing to be retained as a testifying expert, Ms. Ley necessarily consented to some level of participation in proceedings before the court in the Underlying Action.

The Court therefore concludes that the interests of consistency and judicial efficiency necessitate transfer. Accordingly, it is ORDERED that Plaintiff's Motion to Quash and For Protective Order (Doc. No. 1) is hereby TRANSFERRED to the United States District Court for the Eastern District of Oklahoma. It is further ORDERED that this cause of action is closed.

IT IS SO ORDERED this 21st day of January, 2022.

_____
CHARLES B. GOODWIN
United States District Judge